GULF, C. & S. F. RY. CO. v. ROGERS.

(Court of Civil Appeals of Texas. Texarkana. June 8, 1911. Rehearing Denied June 24, 1911.)

MASTER AND SERVANT (§ 116*)—INJURIES TO SERVANT—SAFE PLACE TO WORK.

Evidence that an employé in descending from the top of a ditching machine which stood on a flat car by swinging off on a wire cable suffered injuries, there being a ladder by which he might have ascended and descended, of which he did not know because it was covered at the time by a canvas curtain falling over it which was placed there to protect the men and machinery from the weather, there being nothing to negative the assumption that he had ample time and opportunity to look for the ladder or procure some other means of reaching the top of the ditcher, was insufficient to show negligence of the employer.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 116.*]

Appeal from District Court, Cooke County; C. B. Potter, Judge.

Action by James A. Rogers against the Gulf, Colorado & Sante Fé Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Terry, Cavin & Mills, A. H. Culwell, and Rodman S. Cosby, for appellant. Potter, Culp & Culp, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee against the appellant for damages resulting from personal injuries. The petition alleges that the plaintiff at the time of his injuries was employed by the defendant company as a boiler maker and repairer, and was working in its roundhouse at Gainesville, Tex.; that on the day he was injured he was directed by the foreman under whom he worked to examine and repair a steam boiler of a ditching machine which was built upon a flat car and inclosed in a rudehouse, or covering; that, in order to examine the boiler, it was necessary for him to go upon the top of the house inclosing the machine, and enter it through a hole made in the smokestack. It is further alleged that the defendant had provided no way that the plaintiff could discover, or that was visible or accessible, for getting on top of the boiler except that of climbing up over the house, or covering; that this was difficult and attended with danger; that upon the occasion in question the plaintiff ascended to the top by this method, but observed that some of the timbers he used were rather weak; that after examining the boiler it was necessary for him to descend and get some tools and appliances to be used in his work, and, believing that it was dangerous to go down in the manner in which he had ascended, he attempted to do so by means of a small cable attached to the boiler by sliding down on it; that this method was that usually employed by the servants working about the ditcher; that in making this descent, and while he was using proper care, he was injured in his back and loins and hips, from which he has suffered great mental and bodily pain. The negligence charged is that the defendant had failed to prepare some safe and accessible way of ascent to and descent from the top of the ditcher, and in permitting, directing, and requiring the plaintiff to descend in either one of the methods before mentioned, because they were unsafe and dangerous. The defendant answered by a general demurrer, general denial, and, among other special defenses, pleaded that a ladder had been provided for the purpose of going upon the top of the ditcher, and that it was easy of access and open to observation, and that plaintiff knew of its existence. In a supplemental petition the plaintiff alleges that the ditcher was a rare and unusual machine; that plaintiff had but little previous experience in working upon or repairing such machinery, and was not familiar with the construction and furnishings of the same, all of which the defendant knew; that at the time he was sent to work upon the ditcher he used due diligence to ascertain if there was any means provided for going upon the roof, and after careful examination found none; that, if there was a ladder as alleged by the defendant, it was covered up and hidden by a heavy curtain, and it was impossible for him to discover it while the curtain was down; that, instead of closing up and protecting the end of the ditcher with lumber and placing a ladder on the outside for persons to pass up and down upon, it had been inclosed and protected by the duck curtain above men-

tioned, which curtain was down at the time plaintiff went to work, and entirely concealed the ladder from view. It is further alleged that the ladder could not be used while the curtain was down, and that the plaintiff did not have any previous knowledge of the existence of the ladder, and the defendant failed to notify him that it was there. A trial before a jury resulted in a verdict and judgment in favor of the plaintiff for the sum of $2,500.

The principal objection urged upon this appeal is that the verdict is unsupported by the evidence. The negligence charged in the original petition is the failure of appellant to provide some suitable and safe means for reaching the top of the ditching machine, and in the supplemental petition in having the ladder which had been provided concealed by a heavy curtain falling over it. The testimony shows that the machine was built upon an ordinary flat car. It is described as having a big boom running out in front, with a dipper at the end for the purpose of picking up dirt. The motive power for its operation was supplied by a boiler and engine built into the ditcher and forming a part of the machine. There were cables extending out for the purpose of operating the dipper fastened at the top of the cab over the boiler. Other cables were fastened to the machinery near the bottom, and also ran out to the end of the boom. Rogers testified that he had been directed by his foreman to do some work in repairing the ditcher, which necessitated his going on top of the cab in order to reach the interior of the boiler. The top of the cab was according to other witnesses a little higher than a man's head when standing on the floor of the car. In substance, Rogers thus describes the method he adopted in ascending and descending, and the circumstances under which he was injured: He went up to near the middle of the machine on the right side and climbed up by catching hold of a bar that is near the top and the number plate. After making some investigations as to the work to be done, he found that it would be necessary to descend and get some tools. He inquired of some of the employés who were there as to how they usually descended, and was told by them that they swung off on the wire cables or rope, and Rogers followed the same method. As he swung down from the cables, his back was jerked and strained, and he sustained the injuries for which he claims damages. Other portions of his testimony detail more minutely the character and extent of his injuries. He further testified that he did not see the ladder, and did not know it was there. The testimony is undisputed that a ladder had been provided by the company for use in going on top of the ditcher, and was located near the rear of the machine. Upon this oc-

casion, it was concealed from view from the outside by a heavy canvas curtain falling over it. The curtain, it appears, was placed there for the purpose of protecting the men and machinery from the weather, and was so adjusted that it could be rolled up to the top. When thus rolled, the ladder was open to observation, and was accessible for use. Rogers had worked on this particular machine twice before, but says he did not discover the ladder. There was testimony tending strongly to show that Rogers did know of the existence of the ladder, and had on a former occasion used it. This, however, is denied by him. The question is, Was the appellant guilty of negligence? Certainly not in failing to provide a ladder for the purpose of ascending to and descending from the top of this machine. The one supplied was ample for the purposes for which it was intended. If there was any negligence of which Rogers had a right to complain, it consisted in permitting the curtain to fall over and conceal the ladder upon this occasion, or in not notifying him of the whereabouts of the ladder that he might use it. The making of a curtain for use in the manner which the testimony shows was made of this was but a normal method of constructing machinery. That Rogers could have discovered this ladder had he taken the trouble to look for it is evident. His employer did not require him to go upon the top of the ditcher by the means he adopted. There is nothing to negative the assumption that he had ample time and opportunity to look for the ladder or to procure some other means of reaching the top of the ditcher. The method he selected was one of his own choosing, and one which he was not required to take even by the circumstances under which he was working. We think the testimony is wholly insufficient to show any negligence upon the part of the railway company in the manner charged.

The judgment is accordingly reversed, and will be here rendered in favor of the appellant.